IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD M. CLARK, JR., | No. 2:12-CV-2550-MCE-CMK  PS |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding in *propria persona*, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

Pursuant to the court's scheduling order, plaintiff is required to prosecute this action by either seeking voluntary remand or filing a dispositive motion within 45 days from the date of service of the administrative record by defendant. Plaintiff was warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110. A review of the docket reflects that the answer and certified administrative record were filed and served on August 1, 2013. To date, plaintiff has not filed a dispositive motion.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.

1   U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's
2   interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
3   the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
4   their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,
5   46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an
6   appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
7   See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
8   appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
9   1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
10  comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,
11  1260-61 (9th Cir. 1992).

12          Having considered these factors, and in light of plaintiff's failure to prosecute this
13  case as directed, the court finds that dismissal of this action is appropriate.

14          Accordingly, the undersigned recommends that this action be dismissed, without
15  prejudice, for lack of prosecution and failure to comply with court rules and orders.

16          These findings and recommendations are submitted to the United States District
17  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
18  after being served with these findings and recommendations, any party may file written
19  objections with the court.  Responses to objections shall be filed within 14 days after service of
20  objections.  Failure to file objections within the specified time may waive the right to appeal.
21  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 5, 2013

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE